## HICKS v. WALLIS LUMBER CO.
### No. 9309.

Court of Civil Appeals of Texas.
San Antonio.
April 4, 1934.

John T. Spann, of Crystal City, for appellants.

Geo. C. Herman and Jackson & Crawford, all of Crystal City, for appellee.

MURRAY, Justice.

This suit was instituted by appellee, Wallis Lumber Company, against B. Hicks and wife, Laura Hicks, to recover the balance due upon a certain note and to foreclose a materialmen's and mechanics' lien on the homestead of appellants. The Wallis Lumber Company was given a verdict as prayed for and Hicks and wife have appealed.

The agreement creating the first lien was alleged to have been executed by Hicks and wife on November 1, 1928, and the agreement creating a second lien executed on December 26, 1929. A renewal and extension of these two agreements was alleged to have been executed by Hicks and wife on April 10, 1930. The suit was based upon the renewal and extension agreement of April 10, 1930.

Appellants offered to prove on the trial that the material and labor were furnished in each instance before the agreement creating the materialmen's and mechanics' lien was signed and filed in the county clerk's office. This clearly would be a good defense to the original lien if established, because article 5460, R. S. 1925, requires that before a materialmen's and mechanics' lien can be established against a homestead, the agreement must be in writing, signed by the husband and wife, privily acknowledged by the wife, and filed in the county clerk's office before the material is furnished or the labor performed. The trial judge seems to have been of the opinion that the renewal and extension agreement of April 10, 1930, would estop Hicks and his wife from asserting that the original lien was void and of no effect, and upon this theory excluded the evidence. This was error. If the original contract did not establish a valid lien against the homestead, one could not be created by a subsequent renewal and extension agreement.

An exception to this rule exists where innocent third persons have been misled to their injury by the conduct of the husband and wife. Appellee attempts to show that there are rights of innocent third persons in this case. One Simmons purchased the note secured by this alleged lien and held same for some time. The lumber company, however, was an indorser on the note, and when appellants defaulted in their payments, appellee repurchased the note and thus it became the property of the original payee and all rights of third persons were effectively eliminated from this transaction.

The trial court also committed error in not permitting appellants to introduce evidence that they had not acknowledged the original contract. The proper acknowledgment by the husband and wife to the original contract is also required by article 5460, before any lien can be established against the homestead.

The judgment of the trial court will be reversed and the cause remanded.